**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Garcia,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV 09-02039-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 31).

**I.　BACKGROUND**

Garcia has diabetes mellitus, knee pain, depression, and back pain. In May 2007, she suffered a stroke, which caused residual weakness on her left side. She was born in May 1959.

Garcia first applied for disability insurance benefits in January 2000. In 2005, after a fourth administrative hearing, the Administrative Law Judge ("ALJ") denied her application for the fourth time, and for the first time, the Appeals Council denied her request for review. Garcia then sought review in the district court and in 2006 was granted remand for further consideration of whether she could perform work other than her past relevant work. She appealed the district court's decision, which the Court of Appeals for the Ninth Circuit affirmed in 2008. After further administrative proceedings, the ALJ denied Garcia disability insurance benefits on June 29, 2009.

On November 18, 2010, the Court found that the ALJ had failed to elicit a reasonable explanation for the conflict between the occupational evidence provided by a vocational expert and the *Dictionary of Occupational Titles* and failed to explain why he rejected a different vocational expert's consultation report. The Court therefore vacated the denial of disability insurance benefits and remanded for further administrative proceedings. On January 14, 2011, Garcia filed a notice of appeal from the district court decision. On March 28, 2012, the Court of Appeals affirmed the decision, and the mandate issued on May 14, 2012.

On June 5, 2012, Garcia filed an Application for Attorney Fees Under the Equal Access to Justice Act, which sought an award of $33,577.97 for fees incurred from 2005 through 2012. In her reply supporting the application, Plaintiff amended her fee petition to request only fees incurred after June 29, 2009, in the amount of $18, 506.22: 3.9 hours at $172.24 per hour for work performed in 2009 ($671.73), 30.8 hours at $175.06 per hour for work performed in 2010 ($5,391.84), and 68.9 hours at $180.59 per hour for work performed in 2011 and 2012 ($12,442.65).

## II.  LEGAL STANDARD

On a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), a prevailing party is entitled to attorney's fees "unless th[is] court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, the government's "position" includes both its litigating position and the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D).

The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of showing that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

## III. ANALYSIS

The Commissioner contends that its position in defending the ALJ's June 29, 2009 decision was substantially justified because Garcia did not challenge the ALJ's findings at the first four steps of the five-step evaluation determination and because:

> [T]his is not a case where the Commissioner's administrative decision was overturned immediately upon Plaintiff's request for judicial review. Rather, this Court, after considering briefing by the parties, apparently disagreed only with a portion of the Commissioner's administrative decision and remanded the case for further administrative proceedings to further consider Plaintiff's ability to perform a significant number of jobs prior to May 11, 2009. This demonstrates that there was a genuine dispute as to Plaintiff's entitlement to benefits. This also demonstrates that reasonable persons not only *could* disagree as to the outcome, but in fact *did* disagree as to the outcome.

This argument makes no sense at all. The Court disagreed with the Commissioner's administrative decision on the only portion challenged by Garcia. No other portions of the decision were presented for review. Further, the Court always considers briefing by the parties. It is impossible for the Commissioner's administrative decision to be "overturned immediately upon Plaintiff's request for judicial review." These circumstances in no way indicate that reasonable persons could disagree as to the outcome.

The errors found by the Court in the ALJ's June 29, 2009 decision were not close calls. The decision improperly relied on the opinion of impartial vocational expert Kathleen McAlpine, who testified both on December 10, 2008, and May 7, 2009. She contradicted herself and provided vague and confusing testimony. (*See* Doc. 22 at 6-8.) The ALJ acknowledged inconsistency between her testimony and the *Dictionary of Occupational Titles*, but failed to elicit a reasonable explanation for the conflict as required by Social Security Ruling 00-4p. Further, the ALJ rejected without explanation

the opinion of vocational expert George J. Bluth, Ph.D., which was not controverted by substantial reliable evidence.

The Commissioner has not identified any special circumstances that would make a fee award unjust, does not contend that any specific line items of the fee application were unreasonably incurred, and does not dispute the hourly rates requested.  Therefore, the Commissioner was not substantially justified in defending the ALJ's June 29, 2009 unfavorable decision, special circumstances do not make a fee award unjust, and the EAJA requires the Court to award Garcia attorneys' fees and other expenses.

However, Garcia is not entitled to a fee award for attorneys' fees incurred related to her appeal because she was not a prevailing party on the appeal.  She will be awarded $671.73 for fees incurred in 2009 (3.9 hours at $172.24 per hour), $4,761.63 for fees incurred in 2010 (27.2 hours at $175.06 per hour), and $361.18 for fees incurred in 2012 (2.0 hours at $180.59 per hour), for a total of $5,794.54.

IT IS THEREFORE ORDERED that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 31) is granted, as amended in her Reply (Doc. 39), except for fees incurred on appeal.  Plaintiff is awarded attorneys' fees in the amount of $5,794.54.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Plaintiff in the amount of $5,794.54 for attorneys' fees against Defendant.

Dated this 21st day of August, 2012.

_____
Neil V. Wake
United States District Judge